Parsons, C. J.
We meet with too many cases of this kind on the circuits; and we are surprised to find so much irregularity in the several records, when the principles of law which ought to direct these proceedings are very clear.
The Court of Sessions, in locating and establishing highways, derives all its authority from the statute of February 27, 1787.
*440 When a highway from town to town, or from place [ * 490 ] to place, * is wanted by any persons, they may apply to the Sessions to locate and establish it. The application, regularly, ought to be in writing, signed by the petitioners ; or their names, or the names of some of them, ought to appear on the record as the original parties, that they may be heard in support of their petition ; and also in this Court, if the proceedings thereon should be removed by certiorari. The petition should state the two tirmini pf the way prayed for, and its general direction, that the court may be able to decide whether it will be of common convenience or necessity. Before the court proceed to make this decision, the adverse party in interest should have notice. The town in which the contemplated way is to be located is holden to make the road, to keep it in repair, and to pay to the owners of the land over which it may pass all the damages they shall suffer in their property by the location. The town is, therefore, an adverse party in interest, and, on principles of natural justice, should have an opportunity to be heard. The Sessions should therefore direct that the inhabitants of the town be seasonably notified to appear and to show cause, if any they have, against the petition ; and it is necessary that it appear on the proceedings that the town was in fact heard, or that it had notice.
On the hearing of these parties, or of the petitioners only, if the town does not see cause to be heard, the court may proceed to adjudge that the way is of common convenience or necessity. For in this stage of the proceedings we do not think it necessary, for two reasons, that the owners of the land, over which the way may pass, should be made parties, (a) One reason is, that the owner is not, in legal contemplation, an adverse party in interest, because the statute provides that he shall be satisfied for all damages he may sustain in his property by the location. The other reason is, that it cannot now be known who will be the owners of the land over which the way may be la.id out. The general direction only of the road is known, but the specified land to be encumbered by it cannot be ascertained but by the locating committee. It is a common practice of the Sessions to appoint a viewing committee, to report their opinion of the convenience or necessity of the way prayed for ; and it is usual for that committee to notify all persons [ *491 ] interested before they * view the ground. But a committee of this kind is not required by the statute, and the appointing of it is at the discretion of the court.
If the way be adjudged of common convenience or necessity, a *441 warrant is then to issue, under the seal of the court, directed to five disinterested sufficient freeholders of the county, to locate the way, and to estimate the damages any person may sustain in his property by the location ; and, by the statute of March 8, 1803, to allow a reasonable time to the owner of the land to take off his trees, wood, or timber. This committee are to be under oath to perform the service assigned them according to their best skill and judgment, with most convenience to the public, and the least prejudice or damage to private property; and also faithfully and impartially to estimate all damage which any persons may suffer in their "property by the laying out of the road. The committee are to give seasonable notice to all persons interested, as well the inhabitants of the town as all the owners of the land who may be affected by ascertaining the course and situation of the road; and having executed the warrant according to law, they are to return it, with their doings thereon, to the court to be holden next after the service is performed, under the hands and seals of them or the major part of them.
It must appear on the proceedings that the committee had been sworn agreeably to the statute, the substance of the oath being stated in the return, or in the certificate of the justice referred to; and that, after notifying and hearing all persons interested, the committee proceeded to locate the road, (which should be described with the necessary certainty,) and to estimate the damages occasioned by it. The return should contain the names (if known) of all the owners of the land over which the road was laid out, and the damages estimated in money for each person—or that, in the judgment of the committee, certain persons, naming them, were not damnified. This is necessary, because the return may be the foundation of further proceedings, either by the town, or by any owner of the land, to correct any supposed errors in the estimation of the damages. The return * should also contain [ *492 j the time limited (if any) in which any owner may take away the trees, wood, or timber, thereon.
In estimating the damages, the committee are not confined to the value of the land covered by the road, and the expense of fencing the ground. The owner may suffer much greater damage by the road depriving him of water, or by otherwise rendering the cultivation of his farm inconvenient and laborious; or it may happen that the new highway may essentially benefit his farm, and that he may suffer very little or no injury by the location. The estimation ought, therefore, to be according to the damage which the ownei will, in fact, sustain in his property by the opening of the road.
The return being regularly made, pursuant to a legal warrant, *442 the court may proceed to enter judgment that the return be accepted, allowed, and recorded, and that the highway therein laid out shall afterwards be known for a public highway.
The statute gives a general authority to the Sessions to lay out highways; but the statute must have a reasonable construction-This authority therefore cannot be extended to the laying out of a highway over a navigable river, whether the water be fresh or salt, so that the river may be obstructed by a bridge. A navigable river is, of common right, a public highway ; and a general authority to lay out a new highway must not be so extended as to give a power to obstruct an open highway already in the use of the public. (a)
When we look into the proceedings certified on the certiorari in this case, they appear to be extremely defective.
We have the petition of the applicants, the warrant to the committee, and their return, and the substance of the oath as contained in the justice’s certificate. There is also the judgment on the return. Excepting the judgment, we have no evidence of the proceedings of the Sessions, but what can be collected from the recital in the warrant. It does not appear, in any part of the proceedings,
1. That the inhabitants of Brunswick were notified, [ * 493 ] before * the adjudication, that the way prayed for was of public convenience or necessity ; or,
2. That the warrant was under the seal of the court; or,
3. That the committee were sworn to the faithful or impartial appraisement of damages.
4. The owners of the land, over which the way was laid out, are not named, or said to be unknown.
5. No damages are assessed, nor is there any return that none were sustained ; and,
6. The return is not under the hands and seals of the committee, or of the major part of them.
The proceedings must necessarily be quashed, as they cannot be supported against either of these exceptions. (b)
Alden for the commonwealth.

 Commonwealth vs. Cambridge, 7 Mass. Rep. 158

 Commonwealth vs. The Justices of the Court of Sessions, Middlesex, 9 Mass. Rep 388. —Arundel vs. M'Cullock, 10 Mass. Rep. 70.— Commonwealth vs. Charlestown, 1 Pick. 180.

 Commonwealth vs. Great Barrington, 6 Mass. Rep. 492.— Same vs. Egremont 6 Mass. Rep. 491. — Same vs. Chase, ante, 170.— Same vs. Peters, 3 Mass. Rep. 179 — Same vs. Cambridge, 4 Mass. Rep. 627. — 7 Mass. Rep. 358.