FIRST CHURCH IN BOSTON *vs.* CITY OF BOSTON.

Under a petition on Rev. Sts. c. 24, § 55, for taking for a street certain land described by metes and bounds, damages may be recovered for injury thereby resulting to adjoining land of the petitioner.

PETITION to the superior court of Suffolk, under Rev. Sts. c. 24, § 55, for the assessment of damages occasioned by the laying out of Chauncy Place in Boston as a highway. The petition alleged that the petitioners were seised in fee simple of a certain parcel of land situated in said Boston and known as Chauncy Place, and therein described by metes and bounds; that on the 2d of January 1857, after notice, the mayor and aldermen of Boston ordered that said Chauncy Place "be laid out as a public street or way of the said city;" that pursuant to said order, "said parcel of land was taken for said street;" and that the mayor and aldermen neglected and refused to make compensation to the petitioners "for the taking of said land."

At the trial by jury at November term 1857 before *Huntington*, J., the petitioners offered evidence tending to show that they were formerly the proprietors of a tract of land on Summer Street in Boston, by virtue of a conveyance from Richard and Ann Hollinghead, dated the 17th of December 1680; that in 1808 they erected a church on the farther side of the lot, and opened a passage way or court thereto from Summer Street, being the Chauncy Place; and afterwards sold several lots situated between the church and Summer Street, and granted certain restricted rights of way over said place to the grantees of those lots, and to the owners of estates adjacent to said place on

the southerly side thereof.   The defendants objected to the ad-
mission of the deed of the Hollingheads as evidence of title to
any estate except Chauncy Place.   But the judge admitted it ;
and instructed the jury " that the petitioners were entitled to
recover for the diminished market value of the whole estate,
including the church building, consequent upon taking of the
land, if they should find, upon the evidence in the case, that the
market value of the whole estate had been thus diminished."
The jury found a verdict for the petitioners, and the respondents
excepted.

*J. P. Healy,* (City Solicitor,) *& Henry Freeman Smith,* for the
respondents.

*P. W. Chandler & S. J. Thomas,* for the petitioners.

Metcalf, J.[*]   There can be no doubt that, in estimating the
damage to a landowner, caused by the laying out of a public
street over his land, neither the city authorities nor a jury are
confined to the value of the land covered by the street.   He is
also entitled to the amount of the damage done to his remain-
ing land by the laying out of the street.   *Commonwealth* v.
*Coombs,* 2 Mass. 492.   *Commonwealth* v. *Norfolk Sessions,* 5
Mass. 437.   This is not denied by the respondents ; but they
object that the damage done to the petitioners' remaining land
cannot be recovered on this petition, which describes, by metes
and bounds, the land taken for the street, and asks only for a
jury to assess a compensation " for the taking of said land."
There would have been plausibility in this objection if the peti-
tion had prayed only for compensation " for the land so taken."
But we are of opinion that the prayer for compensation " for
the taking of said land " sufficiently prays for compensation for
all the damage done to the petitioners by the taking of Chauncy
Place and laying out a public street over it, including the dam-
age thereby sustained by them in their adjoining property.   The
deed of R. & A. Hollinghead was therefore rightly received in
evidence for the purpose of proving the petitioners' ownership

[*] This case was argued by consent before Shaw. C. J., and Metcalf and
Merrick, JJ.

both of Chauncy Place and of the land adjoining; and the jury were thereupon rightly instructed.

If, in any case like this, a city or town be surprised at the trial by an unexpected claim for damages, a postponement will always be granted by the court to enable the respondents to meet such claim, as in other cases, when fairness and justice require such postponement.        *Exceptions overruled.*