## CARPENTER *v.* LANDAFF.

In estimating the damages to land-owners by a new highway, the road commissioners should not deduct any thing on account of benefits and advantages not peculiar to such land-owner but which are general, and shared in by the other land-owners in the vicinity.

APPEAL from assessment of land damages by road commissioners.

It is agreed by the parties, for the purposes of this case only, that a highway was laid out by the commissioners over the land of the plaintiff, three rods wide and over a

mile in length; that the plaintiff's land is a narrow strip, less upon an average than fifty rods wide; is for the most part wood and timber land, some twenty acres only being cleared; and that wherever the said land is cleared and improved, a fence must be built for the whole distance, on one side of said highway, and for a part of the distance on the other.

The commissioners awarded to the plaintiff as damages the sum of one dollar only, on the ground that, in their opinion, the plaintiff's land would be increased in value, by reason of the laying out and building of said road, in a sum at least equal to the damages sustained by him. The defendants claim that the plaintiff derives benefits from said highway of a character peculiar to himself; but this is denied by the plaintiff. Before the laying out of said highway, the plaintiff had no means of access to said land except by crossing, for a short distance, land not owned by him.

All the lands through and over which said highway was laid, and also adjacent land, together with large tracts of land, both timbered and cultivated, lying at and beyond the termini of the same, are enhanced in value by reason of the laying out and building of said highway.

It is submitted to the court to determine what is the proper rule of damages.

*C. W. & E. D. Rand,* for the defendants, cited and commented upon *Meacham* v. *Fitchburg Railroad,* 4 Cush. 397; *Mount Washington Road Company's Petition,* 35 N. H. 147; *Dearborn* v. *Railroad,* 24 N. H. 187; *Callender* v. *Marsh,* 1 Pick. 432; *Commonwealth* v. *Norfolk,* 5 Mass. 437.

*Carpenter, pro se,* in addition to the cases above, cited *Woodfall* v. *Nashville Railroad,* 2 Swan 422; *Jacob* v. *Louisville,* 9 Dana 114; *People* v. *Brooklyn,* 6 Barb. 209; *Sutton* v. *Louisville,* 5 Dana 28; *Rice* v. *Turnpike,* 6 Dana 81;

*James River Company* v. *Turner*, 9 Leigh 313; Constitution of N. H., art. 12; and he contended that the general benefits caused by a highway or other public improvement, in which the land-owner shared with others, could not rightfully be considered in awarding his damages.

BELLOWS, J. In this case the court is called upon to lay down the rules by which the damages, sustained by the owners of land through which a highway is laid, shall be assessed. No distinct question, however, is presented, and the court might with propriety decline to enter upon the task of determining the principles that ought to guide the discharge of this duty. Yet we are inclined rather to state the conclusions to which we have arrived, upon one or two questions indicated in the agreed statement as likely to arise between the parties.

One of these questions is, substantially, whether the benefits and advantages to the land not taken, but part of the same tract, which result from the making of the highway, should be set off against the damages sustained by the land-owner.

In the case of highways, laid out for the public accommodation, as we assume this to be, it may be regarded as settled, in this state, that the compensation or damages to which the land-owner is entitled, is not limited to the value of the land actually taken, but that he is entitled to a just and fair compensation for the damage done to the whole tract through which the road passes; and in fixing the amount, it is proper to consider the diminished value of what is left, arising from an inconvenient separation of the tract, requiring an additional outlay for fences, rendering the buildings less commodious, interrupting the supplies of water for cattle or irrigation, and the like. *Dearborn* v. *Railroad*, 24 N. H. 179; *Mount Washington Road Company's Petition*, 35 N. H. 134; *Concord Railroad* v. *Greeley*, 23 N. H. 237. In the last case, it was decided that the

land-owner was entitled to compensation for the injury to his remaining land, caused by a railroad embankment, extending through his and the adjoining meadows, and obstructing the flow from the river in high water, and the deposit of a fertilizing sediment upon his land.

In regard to the benefits and advantages to be expected from the improvement, so far as they are general in their character, we do not assent to the doctrine that any deduction should be made on account of them from the sum to be awarded to the land-owner. On the contrary, we hold that he is justly entitled to his share of the general advantages of such public improvement, without any other compensation than the payment of his share of the public taxes. A public highway, and especially a railroad, may often increase the value of all the lands through which it runs, and also of all the lands in the neighborhood; and such appears to be the fact in the case before us. To hold that the owners of the land through which the road actually runs, shall pay for all the benefits arising to them from the improvements, to the extent, at least, of all the damages sustained, while others pay nothing, though sharing equally in such benefits, would be grossly unequal and unjust. Ample illustrations of this injustice may be found in the case of wood lots, mills, manufacturing establishments, mines and quarries, and the like. And we think that no such doctrine has ever been recognized in this state, and such is the view of *Perley*, C. J., in the *Petition of the Mount Washington Road Company*, 35 N. H. 147. In some other jurisdictions this doctrine has prevailed, but it has generally been the result of legislative enactments, expressly providing that such benefits and advantages should be deducted from the amount of damages sustained.

In Massachusetts, such a rule was assumed in *Commonwealth* v. *Combs*, 2 Mass. 492, although the distinction between benefits that are general, and shared by others,

and those which are peculiar to the land-owner, is not adverted to, nor is any authority cited to the point.   Now, however, by their Revised Statutes, ch. 24, sec. 31, this rule is established, and under that, is the decision in *Meacham* v. *Fitchburg Railroad*, 4 Cush. 297, which is much relied on by the respondents' counsel in this case.   But it is quite apparent, from the effort to restrict the operation of the law to benefits to the particular tract of land through which the road passes, that the court was impressed with the injustice of the enactment.   The court, indeed, say that the doctrine was very broadly laid down in *Commonwealth* v. *Combs*, and the reasons assigned for not extending it to benefits caused to other lands of the same owner, are very cogent against the justice of its application in any case.   The court, also, say that the party whose land has been taken for a railroad, has a right, in common with his other fellow-citizens, to the benefit arising from the general rise of property in the vicinity, occasioned by the establishment of the railroad, and the facilities connected therewith.   And the result, upon the whole, seems to be, that to authorize such a deduction, in the opinion of that court, the benefit to the land-owner should be direct and peculiar, and not a general benefit or increase of value, received by him in common with other land-owners in the neighborhood.   In several of the states there are statute provisions similar to those in Massachusetts, and in some of them they are held to be in conflict with constitutional provisions, which require compensation to be made in money.   So it is held in *Rice* v. *Turnpike Co.*, 7 Dana 81; *Sutton* v. *Louisville*, 5 Dana 28; *Jacob* v. *Louisville*, 9 Dana 114; *Woodfall* v. *Nashville Railroad*, 2 Swan 422. In these cases, the laws requiring a deduction for the benefits were held to be unconstitutional, and the injustice of such provisions was asserted and maintained with a force of argument that commands our assent.   In Redfield on Railways 135, it is laid down that all the cases

seem to concur in excluding mere general and public benefit, in which the owner of land shares in common with the rest of the inhabitants of the vicinity, from being taken into consideration in estimating compensation.

In the case of the *Mount Washington Road Company's Petition,* Judge *Perley* says: "It is intimated in *Commonwealth* v. *Norfolk,* 5 Mass. 437, that any benefit which the land-owner may derive from the road shall be deducted from the amount of damage done to the land. But in this state we do not understand that any general advantage which the land-owner may derive from the road, is to be considered to reduce his land damages. He has a right to share with others in the benefits of the public improvements, and no deduction is to be made from his damages on that account." In the case cited by Judge *Perley,* from 5 Mass. 437, it is said that from the damages to the owner "is to be deducted the benefit of the road, if any," to him ; and it is this doctrine, so far as a general benefit is concerned, that, in the view of Judge *Perley,* has not been adopted in New-Hampshire. In the case of the *Mount Washington Road Company's Petition,* the land-owner claimed damages for the probable injury to his business of letting his horses to go on to the mountain, and the commissioners had taken that injury into consideration ; but the court held that such assessment was erroneous, and recommitted the report. The judge says: "If in this case it had been made to appear before the commissioners that the new road would be likely to cause a great increase in the amount of traveling, and in the business and profits of Mr. Thompson's hotel, such evidence could not be considered to reduce his claim for damage done to his land ;" and yet it is quite clear that such increase of profits would enhance the value of his hotel, which, for aught that appears, was upon the land over which the road was laid ; but these benefits being of a general nature, in which others share, could not properly be taken into the account.

On the other hand, damages were not to be awarded for the anticipated injury to the land-owner's business. The same principle governs both cases, and, therefore, the remarks of the court before cited had a direct bearing upon the questions before them, and must be regarded as authority. Indeed, the other principle would be attended with great inconvenience, inasmuch as it would open a wide door for speculations as to the probable effect of a highway upon the business and interests of the region through which it passed.

In the case of a railroad, especially, there would be a wide field for conjecture and speculation as to its building up a center of business at one place and destroying it in another, and in this way enhancing or diminishing the value of land through which it passes. Such has been the effect, in almost every instance, of a railroad, and if such damages and benefits were to be considered, we should have a rule that would be attended with great practical inconvenience and mischief, and which has not heretofore been recognized.

In the case before us it is contended on one side, and denied upon the other, that the plaintiff derives benefits from the highway peculiar to himself; but the nature of the benefits referred to is not indicated, unless it be the giving him access to his land where he had none before. But in the case of a highway, laid out for the public accommodation, we should not consider this, ordinarily, a benefit for which the land-owner should pay, but rather in the light of a general improvement in which many would share. It is true that there may be cases where a single land-owner alone would be furnished such access, where none existed before, but, ordinarily, it would be otherwise; and the cases would be extremely rare where many were not benefited by improved means of access. Indeed, such a state of things could hardly be expected at all, unless in a case of a private road.

We are not now prepared to say that there may not be cases of such peculiar benefit to an individual land-owner as to make it proper to take it into consideration, in assessing his damages; but no such case is suggested in the agreed statement or in the argument of counsel, and we are not inclined to anticipate any further questions.