INHABITANTS OF CAPE ELIZABETH, petitioners for *certiorari*,
*vs.*
THE COUNTY COMMISSIONERS OF CUMBERLAND COUNTY.

*Way—located under special act, must follow its provisions.*

A way can be located across tide water only by authority of the legislature, which must be strictly pursued.

The Private and Special Law of 1869, c. 227, authorized the location of a way across Long Creek in Cape Elizabeth, and provided that it should be by a bridge over the tide waters of this creek, with a suitable draw, and subject to the approval of the harbor commissioners of Portland: *held*, that a location making no mention of bridge or draw, and not approved by the harbor commissioners, was unauthorized and void, and must be quashed upon *certiorari*.

ON AGREED FACTS.

PETITION for *certiorari* to bring up the proceedings of the county commissioners of Cumberland county in locating a certain way, and to quash the same.

Upon the seventeenth day of December, 1868, Mark Trickey and Nathaniel W. Lowe gave notice by publication in the Portland Daily Press that they, with other citizens of Cape Elizabeth and Westbrook, would petition the next legislature for an act authorizing the establishment and laying out of a new county road, the termini and general course of which were given, with the names of those whose lands it would traverse; and it was stated that it would cross Long Creek, "being a distance in all of about three miles, and crossing at one point tide water." In response to the application made, the legislature passed the act approved March 5, 1869, being c. 227 of the Private and Special Laws of that year, by the terms of which the county commissioners were authorized to locate a way over the tide waters of said Long Creek by means of a bridge with a suitable draw, subject to the approval of the harbor commissioners of the city of Portland.

At the June term, 1870, of the court of county commissioners, Mark Trickey and others petitioned for the location and construction of a way commencing at the place named in the published

notice aforesaid, but differing in its course and other terminus, and in the ownership of some of the lands taken, from those mentioned in that notice, and being of only half the length there stated; but it crossed Long Creek. After due notice and hearing, the county commissioners assumed to locate the way as prayed for in this petition, but in their return of it, as filed and recorded December 30, 1870, made no statement of the method of crossing the creek, whether by a fill or bridge, so (of course) said nothing of any draw. Their location was never approved by the harbor commissioners of Portland. The proceedings were closed and recorded at their June term, 1871. It was admitted that the tide ebbed and flowed in Long Creek and that it was navigated by boats and by vessels of large tonnage.

At the October term, 1873, of this court, the petitioners prayed for a writ of *certiorari* to quash these proceedings of the county commissioners for various reasons; among others, because the location was not in conformity with the act of 1869, c. 227, containing no provision for any draw, and not made subject to the approval of, nor approved by the harbor commissioners.

Upon the facts agreed and the record the matter was submitted.

*Howard & Cleaves* for the petitioners.

*W. H. Vinton* for the respondents.

It is in the construction and not in the location, that the bridge with a draw is to be provided. It need not be mentioned in the record. In the way as built there must be an opportunity for the passage of vessels; but the location is not the way (as this court expressed it in *Sproul* v. *Foye*, 55 Maine, 162) any more than a house-lot is a house. It is the construction of the way across Long Creek, and not its location, that is subject to the approval of the harbor commissioners of Portland.

WALTON, J. The county commissioners undertook to locate a county road across tide waters. Such a location could be made only by authority of the legislature. Such authority was obtain-

ed, but it was not pursued. The act granting it provided that the location across Long Creek should be by a bridge with a suitable draw therein. It also provided that "the same" should be subject to the approval of the harbor commissioners of the city of Portland. The words "the same," in our judgment refer to the entire location. The location made by the county commissioners does not provide for such a bridge or such a draw. And the case finds "that said supposed location was not made subject to or with the approval of the harbor commissioners." In the opinion of the court these omissions are fatal to the location.

*Writ granted, as prayed for.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.