MARCH 11,
1875.          LACONIA v. GILMAN.          55  127
67  108

Towns have a qualified interest in the highways within their limits, which they have constructed and are bound to keep in repair, and may maintain case for their obstruction.

CASE, by the town of Laconia against Hiram Gilman, for building a stone wall in a highway, thereby obstructing the public travel, making the highway dangerous, depriving the town of their rights and easements therein, preventing the town from keeping it in a suitable condition for the public use, and compelling the town to remove a part of the wall at great expense. The defendant demurred. The declaration may be referred to as part of the case.

*Barnard*, for the defendant.

The only statute on which this action would seem to have any foundation is sec. 7, ch. 70, Gen. Stats., which is as follows: "If any person shall place in any highway or street any timber, lumber, stones, or other thing, to the incumbrance or obstruction thereof, he shall be liable to the town for all damages and costs which said town shall be compelled to pay to any person who has sustained damage by reason of such incumbrance or obstruction."

The liability is therefore created by statute, and the extent thereof is measured by the construction of the statute itself. This would not seem to be doubtful, for it is limited to the *damages and costs* which the town shall be compelled to pay to any person who *sustains damage* by reason of such incumbrance or obstruction. No claim is made in the declaration that any person has suffered damage; consequently no claim can be set up that the town has paid for any damage to any person. Therefore no cause of action is stated in the writ.

*Whipple, Jewell & Smith,* for the plaintiffs.

SMITH, J. The question raised by the demurrer is, whether this action can be maintained.

The legislature has provided a remedy whereby a town, which has been compelled to pay damages to one injured by a defect in a highway, may recover the damages and costs so paid from the person causing the obstruction or defect. Gen. Stats., ch. 70, sec. 7.

Provision is also made for removing obstructions placed in a highway. Gen. Stats., ch. 70, secs. 1–6. And any person encroaching upon a highway is made liable to fine or imprisonment. *Ib.*, secs. 8–11.* But it is well settled that these remedies are not exclusive.

---

* This legislation was neither novel nor experimental. The act of May 14, 1714, provided, " Forasmuch as divers incumbrances and incroachments have been made in and upon the common roads, highways, and streets heretofore laid out (or which shall hereafter be laid out) within the several towns of this province :

"For redress whereof :

"*Be it enacted by His Excellency the Governor, Council, and Representatives, convened in General Assembly, and by the authority of the same,* That henceforth no edifice, building, or fence whatever shall be raised, erected, built, or set up in, upon, or over any of the said roads, highways, streets, lanes, or alleys within this province, or any part of any of them, whereby to straighten the passage, or any ways lessen the full breadth of any such roads, highways, streets, lanes, or alleys : and if any edifice, building, or fence whatsoever, shall be raised, erected, built, or set up upon, in, or over any such road, highway, street, or alley, contrary hereunto, every such edifice, building, or fence shall be deemed and held to be a common nuisance: and the court of general sessions of the peace within this province, upon complaint, and making out the same before them, are hereby empowered to order, and cause such edifices, buildings, or fence to be taken down, demolished, and removed; and also to cause to be removed all such incroachments or incumbrances as heretofore have been made upon, in, or over any common road, highway, or street, as aforesaid; and the charge thereof to be answered and paid by disposing of so much of the materials as shall be necessary to satisfy the same: *Provided, nevertheless,* That this act shall not be intended or construed to intend the prohibiting of the setting up of

A town as such has no right of way over a public highway within its borders.   It represents the public, but is not itself the public.   The whole community, whether inhabitants of the town, or of other towns, or from without the state, have equal rights and privileges in the public ways with the inhabitants of the town within which the highway is located.   *State* v. *Hampton*, 2 N. H. 25 ; *Troy* v. *Railroad*, 23 N. H. 83.

In the latter case it was held, after full argument and upon mature deliberation, that towns have such a qualified interest in the road-ways and bridges which they have constructed, that they may maintain an action upon the case for the destruction or obstruction of a road, or the conversion of the materials.   This right and remedy grows out of the duty imposed by law upon towns to make and keep in repair its highways, suitable for the public travel thereon.   Being required to construct highways and bridges, often at great expense, and being bound to support them in condition suitable for the public travel, the law necessarily gives them a qualified property therein, to protect them against encroachments, and to enable the towns to secure themselves against any greater expense than may be necessary to maintain their roads in proper condition.   When the law imposes on any one a duty, it, by implication at least, gives everything without which that duty cannot be performed.

This doctrine, as laid down in *Troy* v. *Cheshire Railroad*, is entirely correct in principle and is supported by authority—*State* v. *Hampton*, 2 N. H. 25, *Harrison* v. *Parker*, 6 East 154, *Hooksett* v. *Company*, 44 N. H. 105 ; and the same doctrine is recognized in *Lebanon* v. *Olcott*, 1 N. H. 339.   It seems wholly unnecessary to discuss the matter anew, and there is no occasion to revise or qualify the doctrine of these cases.

It is objected that it is not alleged in the declaration that the town has suffered any damage from the alleged obstruction, and consequently that it cannot recover in this suit.   It is alleged that the town was compelled to remove a part of the wall at great expense, which is a sufficient allegation to entitle the town to recover whatever damage it may have sustained on that account.

---

any conduit, watch-house, cage, or stocks for public use, in or upon any highway or street within this province."

And the act of April 18, 1721, provided as follows: "And whereas several highways are infringed on by reason of people's fencing or building on the same:

"*Be it further enacted by the authority aforesaid,* That every person or persons so offending, upon notice given them by the surveyor or surveyors, shall be obliged to remove said fence or building; and in case that within two months after such notice given the fence or building be not removed, and the person or persons so offending still refuse or neglect to do it, it shall be in the power of the surveyor or surveyors to pull down such fence or building at the charge of the person or persons so offending, and the money for defraying said charges shall be levied by warrant from any one justice of the peace (of the town where such offence is done) on the estate or body of the person or persons offending, upon application of the surveyor or surveyors for the same."                                                 REPORTER.

CUSHING, C. J. It appears to me that the cases of *Troy* v. *Cheshire R. R. Co.*, 23 N. H. 83, and *Hooksett* v. *Company*, 44 N. H. 105, are in point, and decisive that this action can be maintained.

LADD, J., concurred.

*Demurrer overruled.*