† STATE OF MAINE *versus* ANTHOINE.

County Commissioners have no power to locate highways over creeks or arms of the sea which are navigable, and construct bridges so as to impede their use for the purposes of navigation.

And bridges, constructed over such waters by their authority, may be removed by any person impeded thereby.

ON REPORT from *Nisi Prius*, HOWARD, J., presiding.

INDICTMENT, for obstructing an highway in Cape Elizabeth, by removing a bridge.

The County Commissioners of Cumberland, under their general powers, located a highway in Cape Elizabeth over what is called a creek, and the bridge was built ten feet above its bed. At the place of the bridge, the channel was twenty-three feet in width at ordinary flood tides; but at high water mark, is nearly twenty-four rods.

The depth of water in the channel, at the bridge, at ordinary flood tides, is from five to six feet; at some spring tides, from seven to ten feet.

The defendant owned land some sixteen rods above the bridge, and adjoining the creek.

Gondolas and canal boats loaded and sail boats have occasionally, but not frequently, been floated to his land. The bridge obstructed such craft.

After the defendant had taken away the bridge, he floated his schooner, of about forty tons burden, up between the abutments and about three hundred feet above, where she lay for the winter, generally afloat at high tide.

From the bridge across the flat to the channel of Fore river, was something over one-half mile.

Some of the evidence tended to show that vessels not drawing more than eight feet, might be built on defendant's land on this creek and launched and floated to the sea.

It was agreed to submit the case to the decision of the full Court. If the creek is navigable in such a sense that the County Commissioners could not legally locate a highway across it without authority from the Legislature, and if the facts reported would constitute a good defence, a *nolle pros.* is to be entered; otherwise, the case is to be remanded and defendant to plead " guilty."

*S. & D. W. Fessenden,* for defendant.

1. The highway, for the obstruction of which, by pulling down a bridge, the defendant was indicted, was constructed over tide and navigable waters, and the County Commissioners had therefore no power under their general authority so to construct said road. *Commonwealth* v. *Inhabitants of Charlestown,* 1 Pick. 180; *Rowe* v. *Granite Bridge Corporation,* 21 Pick. 344; *Commonwealth* v. *Coombs,* 2 Mass. 489; *Brown* v. *Chadbourn,* 31 Maine, 9; *Inhabitants of Arundel* v. *Hugh McCulloch,* 10 Mass. 70.

2. The defendant, owning land above the bridge and near to it, might lawfully remove said bridge in order to enjoy his right to navigate the water to his own land. *Inhabitants of Arundel* v. *Hugh McCulloch,* 10 Mass. 70.

3. If the stream or inlet over which said highway, for the obstruction of which the defendant is indicted, was built, was not strictly navigable, yet being inherently, and in its nature, capable of being used for the floating of vessels,

boats, rafts or logs, it is subject to the public use as a passage-way, and could not, therefore, lawfully be obstructed by the Commissioners under their general authority. *Brown* v. *Chadbourn*, 31 Maine, 9.

*Abbott, Att'y. Gen.* for the State.

APPLETON, J. — The bridge, for the removal of which the defendant was indicted, is part of a highway located by the County Commissioners over a creek navigable by canal boats and gondolas. The removal was made for the purpose of enabling the defendant to float down a small schooner which lay above.

. The road in question was duly laid out, if the County Commissioners had jurisdiction. The question submitted for our determination is, whether they have authority to lay out roads and construct bridges over creeks or arms of the sea, where canal boats, gondolas and other small craft have been accustomed to be floated and where they may float.

In *Com.* v. *Charlestown*, 1 Pick. 180, the defendants were indicted for not repairing two bridges over Miller's river. When the lesser bridge was erected, the depth of water and its use for purposes of navigation was not materially different from that shown in the present case. The road was conceded to have been laid out in due form. The defence, which was sustained, rested on the ground that an inlet of the sea, which is navigable to any useful purpose, is public property; and that an order of the Court of Sessions for laying out a road across such inlet, was void; and that the inhabitants of the town in which the bridge was built were not bound to repair the same. "There can be no doubt, therefore," remarks PARKER, C. J., in his elaborate opinion in the case just cited, "that by the principles of the common law, as well as by the immemorial usage of this government, all navigable waters are public property for the use of all the citizens; and that there must be some act of the sovereign power direct or derivative, to authorize any interruption of them. The Legislature may, without doubt, delegate to the

magistrates of a county, or to any other body, the power of determining when public convenience requires that a bridge should be thrown over a creek or a cove, but until they have made such delegation in express terms, it is a branch of the sovereign power, to be exercised by the Legislature alone." It has accordingly repeatedly been held that the Court of Sessions had not power to lay out such a way over a navigable river, so that the river might be obstructed by the bridge. *Com.* v. *Coombs,* 2 Mass. 489 ; *Arundel* v. *McCulloch,* 10 Mass. 70. In *Henshaw* v. *Hunting,* 1 Gray, 203, MERRICK, J., says, that "navigable waters cannot lawfully be obstructed by highways, whether laid out by towns or by County Commissioners, without previous permission given by the government." No statute has been cited to show, nor are we aware, that an authority has been granted in this State to the County Commissioners to lay out roads over creeks or arms of the sea which are navigable, or to impede their use for the purposes of navigation by the erection of bridges.

In *Arundel* v. *McCulloch,* 10 Mass., it was held, that as the Court of Sessions had no authority to locate a road across a navigable river, a bridge erected in pursuance of such location, was an obstruction, which any citizen having occasion to use the river for the passage of his vessel, might lawfully remove.

In accordance with the agreement of the parties, a *nol. pros.* is to be entered.