INHABITANTS OF WELLS *vs.* COUNTY COMMISSIONERS.

York.   Opinion November 29, 1887.

*Ways.   County commissioners.   Spec. Stat. 1885, c. 497.*

County commissioners have authority to locate a highway over and upon a

previously existing town way whenever either terminus of such location connects with a highway, although the whole of such location is within the limits of one and the same town,

When objections involving matters of fact are made at *nisi prius* to the acceptance of the report of a committee of appeal on the location of a highway and are overruled, and the report accepted and exceptions are taken to the ruling, the exceptions will be overruled unless the case finds that the facts were found in favor of the excepting party by the presiding justice.

Spec. Act of 1885, c. 497, which provides that "A highway may be laid out, constructed and maintained in the manner provided in R. S., c. 18, across the tide waters of the Ogunquit river," confers jurisdiction on the county commissioners to make the location.

ON exceptions.

The opinion states the case and material facts.

*Nathan and Henry B. Cleaves* and *George C. Yeaton*, for the appellants.

The case of *King* v. *Lewiston*, 70 Maine, 406, is the leading authority relating to the powers of the commissioners in laying out highways under the provisions of chapter eighteen. It is cited with approval in *Acton* v. *County Commissioners*, 77 Maine, 128. In the case of *King* v. *Lewiston*, the commissioners, of Androscoggin Co., laid out a county way entirely within the limits of the city of Lewiston, but leading from one county road to another, and across a third.

The court held that the commissioners possessed the authority because here the new road became a part and parcel of a system of county roads and the court remarks that "the defendants do not contend that county commissioners have jurisdiction to lay out within a town an isolated way, having no connection with other county roads at either terminus." The cases referred to in this opinion are *Smith* v. *Co. Com.* 42 Maine, 395 ; *Hermon* v. *Co. Com.* 39 Maine, 583.

The road referred to in the legislation of 1885 has no connection with a county road at either terminus. The legislation of 1885, was not intended to enlarge the provisions of chap. 18, of the Revised Statutes, but that chapter and the powers of the commissioners under it, were to remain the same as before. The state of facts was not the same as existed in *Harkness* v.

*Co. Com.* 26 Maine, 353, or in other cases cited. The difficulty arises from the language of the act; it does not in terms or by implication confer original jurisdiction on the county commissioners.

In 1846, the legislature authorized the county commissioners of Waldo county, to lay out and establish a road over Fish river in the town of Belfast. Here the authority is delegated to the county commissioners by express statute, they are the tribunal selected by the legislature to determine the question. An act was passed January 21, 1870, authorizing the county commissioners to lay out a highway across the Kennebec river, between the towns of Waterville and Winslow. The authority is direct to the commissioners; their powers are not curtailed by reference to the provisions of law applicable to the location of highways. 59 Maine, 80; 53 Maine, 473.

As said by the court in the case of *Hall, petitioner,* v. *Co. Com.* 62 Maine, 327, in discussing the location of a private way by the county commissioners from one county road to another county road in the town of Newcastle, "in this case the private way as laid out, merely connects two county roads, it is not laid across either of them but only to them, nor could it be, as one way could not be laid over another." In *West Boston Bridge Pet.* v. *Co. Com. of Middlesex,* 10 Pick. 269, it was held that a highway could not be laid along a turnpike, because the land had "already been taken and appropriated to public use."

The record shows that the county commissioners do not adjudge the way to be of common convenience and necessity, before proceeding to locate the same. The record says, "after a full hearing of all the facts, testimony and arguments by them presented and having maturely considered the same, we were of the opinion, and adjudged, and do hereby adjudge and determine that common convenience and necessity, do require, and, in pursuance of the foregoing adjudication, we, the county commissioners aforesaid, proceeded to make said location as follows :" The fact that the commissioners proceeded to make the location, was not a sufficient determination of the fact that common convenience and necessity required such location.

As said by the court in *Cushing* v. *Gray*, 23 Maine, 15, it has often been adjudged "that the want of a preliminary adjudication that the road prayed for is of common convenience and necessity, is fatal to the laying out of a way ; it is always safest and advisable to follow the language of the statute in such cases."

If it is said in this case that the record does not show a want of jurisdiction, we claim that if the record neither shows a jurisdiction nor a lack of jurisdiction, it is clearly fatal. *Pownal* v. *Com.* 8 Maine, 271 ; *State* v. *Oxford*, 65 Maine, 210.

A way can be located across tide waters only by authority of the legislature, and our court has frequently held that this authority must be strictly pursued, that the authority must be shown by the record of the tribunal undertaking to exercise it. *Cape Elizabeth* v. *Co. Com.* 64 Maine, 456.

The committee, in their report, have undertaken to relieve the commissioners of the error into which they have fallen, and report, " we affirm the judgment of the county commissioners on the aforesaid petition, except as to so much of the location of said highway across Ogunquit river as lies below the southerly line of the town road leading from the county road, near C. H. Littlefield's store, to said river, which we reverse." " Their action was based upon their own view of the law." It was illegal. *Bryant* v. *Co. Com.* 8 Atlantic Reporter, 460 (*ante*, 129).

All objections that may be made on the petition for writ of certiorari may be taken on this appeal. *Goodwin* v. *Co. Com.* 60 Maine, 328 ; *Hodgdon* v. *Co. Com.* 68 Maine, 226. The record in this case shows that the county commissioners had no jurisdiction, and their doings may be impeached collaterally. *Small* v. *Pennell*, 31 Maine, 267 ; *Scarboro'* v. *Co. Com.* 41 Maine, 604 ; *State* v. *Oxford*, 65 Maine, 210.

But if this be not so, then, assuredly, whether or not the location or any part of it is " below the southerly line of the road" named in the act of 1885, being a jurisdictional fact on this appeal and the question of acceptance of the committee's report, any statement made by them,— even if it were of the solemn character of a record, which it is not yet — may be

qualified, modified, and even contradicted. Otherwise this court might find itself in the ridiculously helpless plight of being compelled to suffer three committee men to finally interpret and construe statutes for it, and even fabricate facts without redress. All the cases everywhere, we have ever found, forbid such a conclusion, and support our contention as to the entire competency of the evidence offered by appellants on this subject. *Vide passim,* Powell on App. Proc. c. IV, § § 6–11, and cases cited ; Freeman on Judgments, § § 130 *et seq.*

It cannot be maintained that however illegal the attempted · location may be in some parts, the other parts may be sustained, for the reasons given by SHAW, C. J., in *Commonwealth* v. *West Boston Bridge Co.* 13 Pick. 195, that the illegal points are "so independent of and disconnected with each other that a part may be questioned and leave the remainder an entire beneficial and available judgment, to the purpose for which it is intended." The case at bar rather falls within the principles announced by LIBBEY, J., in *Acton* v.· *Co. Com.* 77 Maine, 128, 131, who cites the foregoing from *Com.* v. *West Boston Br. Co.* and adds, "but here the proceedings were all had at one time, relate to the same subject matter, to location of the way, and are an entirety."

*R. P. Tapley,* for appellees, cited : *Waterford* v. *Co. Com.* 59 Maine, 450 ; *Sanger* v. *Co. Com.* 25 Maine, 291 ; *Heald* v. *Moore,* 4 New Eng. R. 398 (*ante,* 271) ;. *Hall* v.. *Co. Com.* 62 Maine, 325 ; *King* v. *Lewiston,* 70 Maine, 406 ; *Acton* v. *Co. Com.* 77 Maine, 128 ; *Bryant* v. *Co. Com.* 79 Maine, 129 ; Spec. Stat. 1885, c. 497 ; *Belfast* v. *Co. Com.* 53 Maine, 437 ; *Limerick, Pet'rs,* 18 Maine, 186.

VIRGIN, J. Sometime prior to 1885, a town road or way was made from the county road, near C. H. Littlefield's store, to Ogunquit river. The legislature of that year enacted a special act which provided : "A highway may be laid out, constructed and maintained in the manner provided in R. S., c. 18, across the tide waters of Ogunquit river, in the town of Wells ; but not below the southerly line of the road leading from the county

road, near C. H. Littlefield's store, to said river." Spec. L. 1885, c. 497.

After this special act took effect, certain inhabitants of York and of Wells duly petitioned the county commissioners to locate a "highway" from the county road, near Littlefield's store, extending easterly to and over Ogunquit river, to highwater on the ocean beach. Accordingly, after due preliminary proceedings had, the commissioners, at their October term, 1885, reported in favor of, and located the highway as prayed for.

From this location, the inhabitants of Wells duly appealed, a committee was appointed, who, after a hearing, made their report, wherein they "affirmed the judgment of the commissioners, except so much of the location of said highway across Ogunquit river as lies below the southerly line of the town road leading from the county road, near C. H. Littlefield's store, to said river, which we reverse," specifying the portion intended to be reversed, extending from highwater mark one hundred and ninety-four feet toward the channel of the river.

To the acceptance of the committee's report, the appellants, at the September term, 1886, filed three written objections and introduced evidence which they contended supported their allegations. The presiding justice overruled the objections and ordered the report to be accepted; to which rulings the appellants alleged exceptions which are now before us for decision.

1. The first objection is, in substance, That the location affirmed by the committee covers the identical territory of the town road and does not otherwise connect with any county road. The answer is, that the commissioners had authority to locate a highway over and upon a previously existing town road, when either terminus of such location connects with a county road or highway, although the whole of such location is within the limits of one and the same town. *Harkness* v. *Co. Com.* 26 Maine, 353; *Windham* v. *Co. Com.* 26 Maine, 406, 410; *King* v. *Lewiston,* 70 Maine, 406; *Acton* v. *Co. Com.* 77 Maine, 128.

2. That a part of the highway located by the commissioners and affirmed by the committee, is below the southerly line of the town road mentioned in the special act. The answer is,

that the presiding justice did not so find the facts. The case comes up on a bill of exceptions and not on report. The report of the evidence is not legitimately before us, and we cannot revise the finding of facts at *nisi prius*.

3. That the commissioners had no original jurisdiction to locate a highway from the county road, near Littlefield's store, to Ogunquit river and across the tide waters thereof, nor do the provisions of the special act of 1885 confer such jurisdiction; and that the committee had no authority to affirm such unauthorized location. Answer: As already seen, the commissioners had authority to locate a highway to the river, inasmuch as one terminus was at a county road or other highway. Of course the commissioners could not locate across tide waters without the authority of the legislature; and this authority the special act of 1885 confers. To be sure, it does not contain the words " county commissioners," and hence does not in direct, express terms, authorize that board *eo nomine* to make the location, as the Spec. St. 1846, c. 365, authorized the " county commissioners " of Waldo county to locate a highway across Fish river, or as the Spec. St. of 1870, c. 282, authorized the " county commissioners " of Kennebec county to build a bridge across the Kennebec river. Nevertheless, the special statute of 1885 did authorize " a highway " to be located across the Ogunquit " in the manner provided by R. S., c. 18." And "highway may include a county bridge, county road or county way." R. S., c. 1, § 6, cl. VI. It never means a town way in the statute. *Cleaves* v. *Jordan*, 34 Maine, 9, 13. As it authorized a "highway" to be located, and that, too, " in the manner provided by R. S., c. 18;" and as highways can only be located by county commissioners, under R. S., c. 18 (§ 1), we perceive no difference in the authority conferred, between an act authorizing county commissioners *in totidem verbis* to locate a highway, and an act authorizing a " highway " to be located " in the manner provided in R. S., c. 18."

It is also further urged under the third objection that the commissioners did not, in their report, "judge the way to be of common convenience and necessity," as required by R. S., c. 18,

§ 4, and that the omission is fatal to their jurisdiction. Answer: If this question was raised at *nisi prius* and is open now, we are of opinion that it is not maintainable, for when properly construed, the report expressly recites that the commissioners "do hereby adjudge and determine that common convenience and necessity do require . . . said location,"— said location being the object of "require," as well as of "made."

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, FOSTER and HASKELL, JJ., concurred.