COMMISSIONER OF HIGHWAYS OF THE TOWNSHIP OF HOPE *v.* LUDWICK.

HIGHWAYS—ESTABLISHMENT—PROPRIETY—NAVIGABLE WATERS.
    In the absence of express statutory authority, a highway not within the limits of an incorporated city or village cannot be laid out over or into navigable water for the purpose of making a public wharf or landing place for travelers going to and from the water.

Error to Barry; Smith, J. Submitted November 13, 1907. (Docket No. 174.) Decided March 17, 1908.

Proceedings by the commissioner of highways of the township of Hope against Alta L. Ludwick and others to establish a highway. There was judgment for plaintiff, and defendants bring error. Reversed, and judgment entered for defendants.

*Colgrove & Potter*, for appellants.

*Thomas & Pryor*, for appellee.

McALVAY, J. This case involves the proceedings of the plaintiff highway commissioner in laying out a certain road across the premises of defendants. From his decision an appeal was taken by them to the township board, which affirmed the action of the commissioner and assessed defendant's damages at $75. Under Act No. 195, Pub. Acts 1905, defendants appealed to the circuit court of Barry county, where the case was tried before the court without a jury, and upon the request of both parties findings of fact and law were made and filed by the court, affirming the action of the township board. Errors are assigned upon exceptions to two of the findings of fact and to all of the findings of law. It is unnecessary to print them at length.

The court among other things found as a matter of law that the highway was legally laid out, and affirmed the decision of the township board. Defendants have from the beginning contested the jurisdiction of the commissioner to lay out the proposed highway under the petition and notice, and also his jurisdiction under these proceedings or by authority of law to lay out a highway into the navigable water of this meandered lake 40 feet beyond low water mark.

This proceeding was upon petition praying that a highway be laid out in a part of the township not included within the corporate limits of any city or village. In the petition and the notice served on defendants, the highway to be laid out was described as:

"Commencing at the center of highway running westerly past what is known as Kingsbury's old mill and the cement church on section 20 in said township: Said center being east of the C., K. & S. tracks and running northerly to a point 40 feet from low water mark in Long Lake."

Long Lake is found by the court to be a meandered navigable body of water about two and one-half miles in length and with an average width of 60 rods and upwards; that it is navigable for pleasure, fishing, and resort

purposes by steamers of capacity to carry 100 passengers, by launches and row boats; that the highway as laid out extends into the navigable water of this lake 40 feet beyond low-water mark; that Long Lake is a public highway upon which people travel to the terminus of this highway in the lake, then along this highway to the village of Cloverdale, and that it is also convenient for school children and farmers to cross the lake and land at the terminus of this highway, and that it is a public necessity.

It is apparent from the record and the findings of the court that this highway is extended 40 feet from low-water mark into the navigable water of the lake for the purpose of making a wharf or landing for travelers going to and from this lake. By these findings the court holds in effect that in Michigan a highway not within an incorporated village or city may be laid out over or into navigable water.

In this State there is no express statutory authority for such action, and in its absence defendants contend it cannot be done. The weight of authority supports the claim of defendants. It is generally held that authority to lay out highways does not include a power to lay one out over navigable waters. 15 Am. & Eng. Enc. Law (2d Ed.), p. 357, citing *State* v. *Anthoine*, 40 Me. 435; *Inhabitants of Cape Elizabeth* v. *Cumberland County Com'rs*, 64 Me. 456; *Inhabitants of Wells* v. *York County Com'rs*, 79 Me. 522; *Com.* v. *Coombs*, 2 Mass. 489; *Inhabitants of Charlestown* v. *Middlesex County Com'rs*, 3 Metc. (Mass.) 202. See, also, 1 Farnham on Waters and Water Rights, p. 669.

The riparian owner has certain rights in and to the use of his frontage on navigable water for wharfage and other purposes which may not be taken from him except by due process of law. The statutory proceedings for laying out and establishing highways do not in terms or by inference contemplate the condemnation of rights and interests in and to navigable waters and compensation

therefor. From the finding of the court "that the damage to the land of defendants is nominal" it is clear that the court had no such compensation in mind in this case. It was treated from the beginning as the usual case of laying out a highway upon land.

The township authorities propose under cover of establishing a highway to build a public landing place or wharf upon the land of these defendants. Such proceeding is without authority of law. "A highway is not a wharf or landing place." 1 Farnham on Waters and Water Rights, p. 668.

In two cases in this State where city charters have authorized the building and licensing of public wharves at the end of highways, this court has held that such wharves are not a part of the public highways. See *Horn* v. *People*, 26 Mich. 221; *Kemp* v. *Stradley*, 134 Mich. 680.

The court was in error in holding that this highway was legally laid out, and in affirming the decision of the township authorities. The judgment of the circuit court is reversed and set aside, and all proceedings in laying out and establishing said highway are declared null and void. A judgment will be entered in favor of defendants, without costs.

GRANT, C. J., and BLAIR, MOORE, and CARPENTER, JJ., concurred.